24 So.2d 286

**STATE v. HARDY.**

No. 37827.

Dec. 10, 1945.

Rudolph O. Vorbusch, of New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and James P.

O'Connor, Jr., Dist. Atty., and John D. Schilleci, Asst. Dist. Atty., both of New Orleans, for appellee.

O'NIELL, Chief Justice.

The appellant was found guilty of a felony and was sentenced to imprisonment in the penitentiary for five years.

The only question in the case is whether the prosecution was annulled by the fact that while the case was being prosecuted by an assistant district attorney the district attorney resigned from office and his successor was appointed by the Governor and qualified before the trial of the case was completed. Inasmuch as in New Orleans assistant district attorneys are appointed directly by the district attorney, counsel for the appellant contends that the assistant district attorney in this case became functus officio by effect of the resignation of the district attorney who had appointed him. It is contended also that the attorney general should have intervened and taken charge of the prosecution during the interregnum, under the provisions of Section 56 of Article VII of the Constitution and of Articles 17 and 23 of the Code of Criminal Procedure, in order to prevent the annulment of the prosecution. The time and sequence of the events in this connection are not disputed. The trial had progressed to the stage where the jury had heard at least a part of the evidence when the court ordered the customary mid-day recess for lunch, and, instructing the jurors to refrain from

discussing the case during the recess, ordered them to return for the purpose of resuming the trial at the end of the recess. About half an hour after the court had recessed the district attorney resigned from office and his successor was appointed immediately by the Governor. Nearly two hours later, and while the court was yet in recess, the former district attorney and his successor in office appeared in court and the latter appointed as his assistants the same attorneys who had served as assistants under the former district attorney. The oath of office was administered again to all of the assistant district attorneys, including the one who was then and is now prosecuting this case. Thereafter the court convened for the purpose of resuming the trial of this case and the assistant district attorney who had commenced the prosecution proceeded with it. No proceeding was had in the prosecution or trial of the case between the time at which the district attorney resigned and the time at which the assistant district attorney who had commenced the prosecution was reappointed and again took the constitutional oath of office. In these circumstances the trial judge was right in ruling that the prosecution of the case was not nullified by the resignation of the district attorney between the beginning and the completion of the prosecution, or by the fact that the attorney general did not intervene in or take charge of the case during the so-called interregnum in the district attorney's office.

The verdict and sentence are affirmed.